### THE PEOPLE *v.* MARTÍNEZ.

### APPEAL from the District Court of Humacao.

No. 30.—Decided December 15, 1903.

LARCENY —LARCENY OF THE USE.—There is no distinction drawn. in American jurisprudence between the theft of property and the theft of the use of the property.

ID.—FELONIOUS INTENT.—The defendant, according to the evidence, was convicted of the larceny of a horse from the farm of the owner, and presumably rode it to a neighboring town. *Held*:

That the facts constitute the crime of larceny, and that the felonious intent, in the absence of positive evidence to the contrary, was sufficiently proved by the circumstances of the case.

The facts are as stated in the opinion.

*Mr. José C. Ramos,* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE MACLEARY rendered the following opinion of the court:

This is a plain case of horse stealing. The appellant was

fué convicto del hurto de un caballo, y condenado á la pena de un año de presidio, con trabajos forzados. Esta sentencia fué dictada por la Corte de Distrito de Humacao, en 23 de Abril de 1903. El delito se alega haber sido cometido en 5 de Abril de 1903, y en la acusación se consigna lo siguiente:

"El citado Gabriel Martínez, en la noche del cinco de Abril de 1903, sustrajo, con intención criminal de una finca sita en el barrio de Collores, que forma parte del Distrito arriba citado, un caballo, color zaino lucerito, marcado con las iniciales J. J. y A., perteneciente á Don José Joaquin Alvarez, el que fué encontrado en el depósito de animales del poblado de Juncos. Este hecho es contrario á la Ley promulgada y prevista para casos de esta índole, y contra la paz y dignidad del pueblo de Puerto Rico".

El acusado fué juzgado por el Tribunal, sin jurado, y los hechos que resultaron probados en el juicio no constan en los autos por.falta de excepciones ú otro escrito, con excepción de lo que se puede inferir de la misma sentencia. El Sr. Ulpiano Valdez y Cajas, abogado de Humacao, compareció en la causa ante el Tribunal de Distrito, y preparó el recurso que fué debidamente admitido, después de la convicción. En este Tribunal el recurrente fué representado por el Sr. José C. Ramos, presentando éste el escrito de alegación á favor del procesado, é informó oralmente al Tribunal, pretendiendo que no habia nada en los hechos probados que demostrase que el acusado habia tomado el caballo con intención criminal, y que por la circunstancia que el caballo se encontró.en el depósito de animales del público, parecia que lo habia montado solamente una corta distancia, y luego lo habia abandonado en la carretera pública, y que el caballo habia sido conducido por la policia al referido depósito. El. abogado defensor pretende ademas que, por que el acusado no se apropió el caballo para su permanente uso particular, y lo abandonó antes de que se le detuviera, resulta que el delito

convicted of stealing a horse, and sentenced to the punishment of one year at hard labor in the penitentiary. Judgment was rendered by the District Court of Humacao on the 23rd of April, 1903. The crime is alleged to have been committed on the 5th of April of the same year, and the accusation sets forth:

"That the said Gabriel Martínez on the night of the 5th of April, 1903, took, with criminal intent, from the farm situated in the ward of Collares, which forms a part of the district above mentioned, a horse of a light chestnut color, marked with the initials 'J. J. A.,' belonging to Don Joaquín Alvarez, and which was found in the pound of animals, in the town of Juncos. This act is contrary to the law in such cases made and provided, and against the peace and dignity of The People of Porto Rico."

The defendant was tried before the court, without a jury, and the facts proven at the trial do not appear in the record by bill of exceptions or otherwise, except as they may be inferred from the judgment itself. Ulpiano Valdés y Cajas, a lawyer of Humacao, appeared in the case in the District Court and tried the same, and after the conviction prepared the appeal which was duly allowed. In this court the appellant was represented by José C. Ramos, who appeared in person and filed a brief in behalf of the convict, and made an oral argument claiming that there was nothing to be found in the record to show that the defendant had taken the horse with criminal intent, and from the circumstances, that the horse was found in the public pound, it would appear that he had ridden it a short distance only and abandoned it on the public highway, and that it was taken to the pound by the police.

Counsel further claims that because the accused did not appropriate the property permanently to his own use, and abandoned it before he was arrested, that it sufficiently appears that the crime of theft was not complete, and he makes

de hurto no fué consumado, y hace varias citas de diferentes autores, y de los Tribunales de los Estados Unidos. También cita la Ley Española para demostrar que un caso de esta índole no sería considerado como hurto de la propiedad, sino solamente como hurto del uso de la misma, distinción que no se hace en nuestros Tribunales Americanos. Los casos que se citan de Texas, Indiana y New Jersey, no se relacionan suficientemente con la cuestión que ante este Tribunal pende, pues los estatutos de dichos estados son diferentes á los de nosotros. No se hace referencia á las decisiones de los Tribunales de última instancia de los Estados de California, Montana ó Idaho, ni de ningún otro estado que haya adoptado el Código de California, del cual derivamos nuestra ley criminal.

Bajo nuestro estatuto, hurto se define como sigue:

"Art. 426.—Hurto (larceny) es el acto de sustraer con intención criminal, bienes muebles ó semovientes, pertenecientes á otra persona.

"Art. 427.—El hurto se divide en dos grados: el primero se denomina hurto de mayor cuantia (grand larceny), y el segundo, hurto de menor cuantia (petit larceny).

"Art. 428.—Hurto de mayor cuantia (grand larceny) es el que se comete en cualquiera de los casos siguientes:

1. Cuando el valor de la propiedad sustraida es de cincuenta dollars ó más.
2. Cuando la propiedad es sustraida de la persona.
3. Cuando la propiedad es un individuo de la especie caballar, vacuno ó asnal".

La prueba muestra que el acusado sustrajo el caballo de la finca de su dueño, situada en el barrio de Collores, y es de presumir que fué montado en él hasta el pueblo de Juncos, y así el delito de hurto es completo. Si él no tuvo intención de apropiar el caballo para su permanente uso particular, debia haber presentado pruebas al efecto. No habiendo evidencia positiva al contrario, la intención criminal queda suficientemente probada por las circunstancias del caso. Se

various citations from different writers, and from the courts of the United States. He also cites the Spanish law to show that such would not be deemed as a theft of the property, but only a theft of the use of the property, a distinction which is not drawn in our American courts.

The cases cited from Texas, Indiana and New Jersey, do not sufficiently bear upon the question before the court, as the statutes of those states are different from ours. We are not referred to any decisions of courts of last resort in the States of California, Montana, or Idaho, or any other State which has adopted the California Code, from which we derived our criminal law.

Larceny is defined under our statutes as follows:

"Section 426.—Larceny is the felonious stealing, taking, carrying, leading or driving away the personal property of another.

"Section 427.—Larceny is divided into two degrees, the first of which is termed grand larceny; the second petit larceny.

"Section 428.—Grand larceny is larceny committed in either of the following cases:

"1. When the property taken is of the value of fifty dollars and upwards.

"2. When the property is taken from the person of another.

"3. When the property taken is a horse, mare, gelding, cow, steer, bull, calf. mule, jack or jenny."

The evidence shows that the accused took the horse from the farm of the owner, situated in the ward of Collares, and presumably rode him to the town of Juncos, and thus the crime of larceny was complete. If he had no intention of permanently appropriating the horse to his own use, he should have introduced some evidence to that effect. In the absence of positive evidence to the contrary, the felonious intent is sufficiently proved by the circumstances of the case.

impuso al demandado una pena muy leve, y él no tiene motivo para quejarse. Así es que la sentencia del Tribunal de Distrito se confirmará.

<em>Confirmada.</em>

Jueces concurrentes, Sres Presidente Quiñones, y Asociados Hernandez, Figueras y Sulzbacher.

---

BLANCO *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan.

No. 9.—Resuelto en Diciembre 17, 1903.

INSCRIPCIÓN DE TITULOS.—BIENES INSCRITOS.—Los Registradores denegarán la inscripción de los títulos en que se transfiera ó grave el dominio ó la posesión de los bienes inmuebles ó derechos reales en los casos en que dichos bienes ó derechos reales aparecieren inscritos á nombre de persona distinta de la que, otorgue la transmisión ó gravámen.

BIENES GANANCIALES.—Los bienes adquiridos por cualquiera de los cónyuges, durante el matrimonio, y á título oneroso, se reputarán gananciales, á no ser que se probare que hubiesen sido adquiridos con bienes propios del marido ó de la mujer.

ID.—HEREDEROS.—ENAGENACION DE BIENES GANANCIALES.—Si del Registro apareciere que los bienes inscritos á nombre del marido fueron adquiridos por éste á título oneroso y constante su matrimonio, la inscripción de dichos bienes debe entenderse hecha á favor de la sociedad cónyugal; y disuelta ésta por el fallecimiento de la esposa, sin que aparezca que se haya liquidado la sociedad, no procede inscribir la enagenación de esos mismos bienes, hecha por el marido, sin que sea ratificada por *todos los herederos* de la mujer, á no ser que *todos los herederos* hubieren renunciado al derecho que puedan tener sobre los expresados bienes.

ID.—La circunstancia de que el marido hubiere solventado, con dinero de su propio peculio, después del fallecimiento de la mujer, los gravámenes existentes sobre los bienes adquiridos constante su matrimonio en nada desvirtuaría la eficacia de la anterior doctrina, pués el verdadero concepto de la adquisición del dominio, en su orígen, no se alteraría en lo más mínimo, y tal circunstancia sólo daría lugar á una liquidación de cuentas entre el marido y los herederos de su mujer.

ID.—DEFECTOS INSUBSANABLES.—La enagenación de bienes inmuebles pertenecientes á la sociedad cónyugal, verificada por el marido sin el consentimiento

The defendant received a mild sentence, and has no reason to complain. Accordingly the judgment of the District Court will be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Sulzbacher concurred.